LAW OFFICES OF
MICHAEL F.J. ROMANO
By:  Michael F.J. Romano, Esquire
Identification No. 7160
52 Newton Avenue, P.O. Box 456
Woodbury, NJ  08096
(856) 384-1515

**Attorney for Plaintiff, NEC Corporation of America, f/k/a NEC Unified Solutions, Inc.**

---

| | |
|---|---|
| NEC CORPORATION OF AMERICA, formerly known as NEC Unified Solutions, Inc., | : UNITED STATES DISTRICT COURT FOR<br>: THE DISTRICT OF NEW JERSEY – NEWARK<br>: |
| Plaintiff | :<br>: CIVIL ACTION - LAW |
| v. | : |
| MID-ATLANTIC COMMUNICATIONS, INC., CHRIS JACKSON, and ROBERT DOMINICK, | : Case No.<br>:<br>: |
| Defendants. | : **COMPLAINT**<br>: |

Plaintiff NEC Corporation of America, formerly known as NEC Unified Solutions, Inc. ("NEC Unified"), a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 6535 N. State Highway 161, Irving, TX  75039-2402 and qualified to do business in New Jersey, by way of Complaint against Defendants, Mid-Atlantic Communications, Inc. ("Mid-Atlantic"), Chris Jackson ("Jackson") and Robert Dominick ("Dominick"), says:

### PARTIES

1. Plaintiff, NEC Unified is a New Jersey corporation organized and existing under the laws of the State of Nevada with its principal place of business at 6535 N. State Highway 161, Irving, TX 75039-2402..

2. Upon information and belief, Defendant, Mid-Atlantic, is a Pennsylvania corporation with a place of business located at 625 Main Street, Avoca, Pennsylvania 18641.

3. Upon information and belief, Defendant, Chris Jackson, is an adult individual residing at 24 Joyce Street, Moosic, Pennsylvania 18507.

4. Upon information and belief, Defendant Robert Dominick, is an adult individual residing at 731 River Street, Seranta, Pennsylvania 10505.

## JURISDICTION

5. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because of diversity of citizenship and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs. This Court also has jurisdiction over this action based upon a forum selection clause negotiated and made between the parties hereto.

## VENUE

6. This District is proper for venue purposes, pursuant to 28 U.S.C. § 1391, because Plaintiff resides and/or conducts business in this District and there is a forum selection clause negotiated and made between the parties hereto.

## COMMON FACTUAL STATEMENT

7. On or about March 29, 2004, Mid-Atlantic, executed a Security Agreement in favor of NEC Financial Services, Inc., now known as NEC Financial Services, LLC ("NEC Financial") to secure the performance and payment of all of its indebtedness, obligations and liabilities to NEC Financial of whatever kind, whether previously, currently or subsequently existing or created. A true copy of the Security Agreement is annexed hereto as Exhibit "A" and the terms of same are incorporated herein by this reference.

8. Pursuant to the Security Agreement, Mid-Atlantic granted to NEC Financial a first priority security interest/ lien in / upon all personal property including but not limited to all goods, inventory, equipment, accounts, deposit accounts, chattel paper (including electronic chattel paper), contract rights, documents, general intangibles (including payment intangibles), instruments (including promissory notes), letter of credit rights, supporting obligations, investment property, fixtures, commercial tort claims and other property, wherever located, nor or hereafter belonging to Debtor or in which Debtor has any interest, and in all proceeds, additions and accessions or and/or to all of the foregoing (the "Blanket Collateral").

9. On or about June 14, 2006 Mid-Atlantic, executed and delivered a Promissory Note to NEC Financial in the original amount of $209,782.41, plus interest. A true copy of the Promissory Note is annexed hereto as Exhibit "B" and the terms of same are incorporated herein by this

reference.

10. The Security Agreement and Promissory Note were assigned to NEC Unified.

11. Defendants, Robert Dominick and Chris Jackson, executed a Guaranty ("Guaranty") of all the obligations of Mid-Atlantic to NEC Financial and its assignee, NEC Unified. A true copy of the Guaranty is annexed hereto as Exhibit "C" and the terms of same are incorporated herein by this reference.

12. On or about October 18, 2006 Mid-Atlantic executed an NEC Exclusive Associate Agreement ("Exclusive Associate Agreement") for the purchase and sale of telecommunications products. A true copy of the Exclusive Associate Agreement is annexed hereto as Exhibit "D" and the terms of same are incorporated herein by this reference.

13. NEC Financial perfected its security interest in, to and/or regarding the Blanket Collateral by filing Financing Statements with the Secretary of the Commonwealth of Pennsylvania. True copies Financing Statements are annexed hereto as Group Exhibit "E" and incorporated herein by this reference.

**FIRST COUNT**
**(Breach of Agreements)**
**NEC Unified v. Mid-Atlantic**

14. NEC Unified repeats and reiterates the allegations contained in each of the foregoing paragraphs as if set forth fully herein.

15. Mid-Atlantic has breached the Security Agreement, Promissory Note, Exclusive Associate Agreement and Associate Agreement by, <u>inter alia</u>, unjustifiably failing to perform the material obligations thereunder, including, but not limited to, failing to make prompt and necessary payments to NEC Unified.

16. As a proximate result of the breach of Mid-Atlantic, NEC Unified has suffered injury and damage to date in the amount of $394,340.93, plus late charges, interest, costs and attorneys' fees, all of which continue to accrue.

WHEREFORE, Plaintiff NEC Unified Solutions, Inc., demands judgment against Defendant Mid-Atlantic Communications, Inc., in the amount of $394,340.93 plus attorney's fees, costs and expenses, all of which continue to accrue.

### SECOND COUNT
### (Breach of Guaranty)
### NEC Unified v. Jackson and Dominick

17. NEC Unified repeats and reiterates the allegations contained in each of the foregoing paragraphs as if set forth fully herein.

18. Defendants, Jackson and Dominick have breached the terms of the Guaranty by, inter alia, unjustifiably failing to perform the material obligations thereunder, including, but not limited to, failing to make prompt and necessary payments on behalf of Mid-Atlantic to NEC Unified..

19. As a proximate result of the breach of Mid-Atlantic, NEC Unified has suffered injury and damage to date in the amount of $394,340.93, plus late charges, interest, costs and attorneys' fees, all of which continue to accrue.

WHEREFORE, Plaintiff NEC Unified Solutions, Inc., demands judgment against Defendants Chris Jackson and Robert Dominick, in the amount of $394,340.93 plus attorney's fees, costs and expenses, all of which continue to accrue.

### THIRD COUNT
### (Jointly and Severally liability to NEC Unified)
### NEC Unified v. All Defendants

20. NEC Unified repeats and reiterates the allegations contained in each of the foregoing paragraphs as if set forth fully herein.

21. Mid-Atlantic, Jackson and Dominick, as a result of their respective breaches, are jointly and severally liable to NEC in the gross amount of $394,340.93, plus attorney's fees, costs and expenses, all of which continue to accrue.

WHEREFORE, Plaintiff NEC Unified Solutions, Inc., demands judgment against Defendants Mid-Atlantic, Jackson and Dominick, jointly and severally, in the amount of $394,340.93, plus attorney's fees, costs and expenses, all of which continue to accrue.

## FOURTH COUNT
### (Replevin)
### NEC Unified v. All Defendants

22. NEC Unified repeats and reiterates the allegations contained in each of the foregoing paragraphs as if set forth fully herein.

23. Despite the obligations of Defendant Mid-Atlantic to NEC Unified under the Exclusive Associates Agreement, Security Agreement and Promissory Note , and despite demands made by NEC Unified, Mid-Atlantic, has failed and refused to perform its material obligations thereunder, including, but not limited to, failing to make prompt and necessary payments to NEC Unified.

24. Pursuant to the Exclusive Associates Agreement, Security Agreement, Promissory Note, Uniform Commercial Code and/or applicable law, NEC Unified is permitted to repossess and obtain possession of the Blanket Collateral and sell, lease or otherwise dispose of same, in the event Mid-Atlantic, fails to perform any of its obligations thereunder, including, but not limited to, the failure and refusal to make prompt and necessary payments to NEC Unified under the Exclusive Associates Agreement, Security Agreement and/or Promissory Note.

25. Pursuant to the Exclusive Associates Agreement, Security Agreement and/or Promissory Note, and as a consequence of the failure and refusal of Mid-Atlantic to perform its obligations thereunder, including, but not limited to, failing and/or refusing to make prompt and necessary payments to NEC Unified, the Blanket Collateral is being wrongfully detained by Mid-Atlantic, and/or some other third party over whom NEC Unified has no right of control.

26. Upon information and belief, the Blanket Collateral may not be properly insured by some or all of Defendants.

27. Upon information and belief, the Blanket Collateral may not be properly maintained and/or serviced by some or all of Defendants.

28. The Blanket Collateral depreciates in value on a daily basis and may be inherently mobile and concealable and may be transported out of this jurisdiction by some or all of Defendants.

29.     NEC Unified is suffering, and will continue to suffer, irreparable harm as a result of the wrongful detention of the Blanket Collateral by Defendants, collectively and/or individually.

30.     Defendants, collectively and/or individually, are required to immediately cease and desist using the Blanket Collateral and to surrender the Blanket Collateral to NEC Unified. NEC Unified is entitled to immediately repossess the Blanket Collateral.

31.     Despite repeated efforts by NEC Unified to resolve the issues set forth herein, to date, Defendants have failed and refused to make the required payments to NEC Unified and/or surrender the Blanket Collateral to NEC Unified.

WHEREFORE, Plaintiff NEC Unified Solutions, Inc., demands judgment against Defendants Mid-Atlantic, Jackson and Dominick, jointly and severally, for an Order of this Court directing said Defendants to immediately cease and desist using the Blanket Collateral and to assemble and surrender the Blanket Collateral to NEC Unified Solutions, Inc., and NEC Unified should be permitted to immediately repossess the Blanket Collateral.

LAW OFFICES OF MICHAEL F.J. ROMANO
Attorneys for Plaintiff

Dated: 10-23-9

Michael F.J. Romano, Esquire
52 Newton Avenue, P.O. Box 456
Woodbury, NJ 08096
(856) 384-1515